IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **VENTURE EXPRESS, INC.,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 3:19-cv-00657 |
| **VANGUARD NATIONAL TRAILER CORPORATION** | )<br>)<br>) |
| Defendant. | )<br>) |

## VANGUARD NATIONAL TRAILER CORPORATION'S MOTION FOR LEAVE TO FILE A PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendant Vanguard National Trailer Corporation ("Vanguard"), by and through counsel, respectfully submits this Motion for Leave to File a Partial Motion for Summary Judgment. As justification for filing a motion for partial summary judgment, Vanguard respectfully states:

1. Vanguard deposed Plaintiff's corporate representative on October 29, 2021, after having to reschedule the deposition due to no fault by Vanguard.

2. The discovery period in the case has closed.

3. During discovery, Plaintiff identified 427 Vanguard VXP composite plate trailers ("Trailers") for which it claims Vanguard breached warranties.

4. Of the 427 Trailers, Venture's corporate representative conceded that 382 have not needed to be repaired and have not been submitted to Vanguard for warranty coverage.

5. Of the remaining 45 Trailers, Venture conceded that at least 27 were more than 10 years old on the date repairs were purportedly needed and therefore are not covered under the express terms of the warranty at issue.

6. Venture further conceded that an additional 6 Trailers were more than 7 years old on the date repairs were purportedly needed, and that Vanguard provided replacement parts for these 6 Trailers, in compliance with the terms of the express warranty at issue.

7. Additionally, Venture's corporate representative conceded that the express terms of the warranty excludes consequential damages, specifically for loss of use.

8. Based on the deposition testimony of Venture's corporate representative as described above and the other undisputed facts elicited during discovery, Vanguard believes that it has grounds to seek summary judgment in regard to Plaintiff's claims related to at least 415 of the 427 Trailers at issue.

9. If granted, partial summary judgment will greatly reduce the number of factual and legal issues for trial, shorten the length of trial, and increase the likelihood that the parties reach a settlement in this matter. Further, granting Vanguard leave to file will conserve judicial resources, reduce expenses for the parties, and efficiently resolve this matter.

For the reasons above, Vanguard respectfully requests that the Court grant its motion for leave to file a Partial Motion for Summary Judgment in regard to Plaintiff's warranty claims.

Respectfully submitted,

*s/John R. Wingo*
John R. Wingo (BPR No. 016955)
Ashley Goins Alderson (BPR No. 034253)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2200
Email: jwingo@stites.com
Email: aalderson@stites.com

C*ounsel for Defendant, Vanguard National Trailer Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2021, a true and exact copy of the foregoing was electronically filed with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system and/or via e-mail and/or first-class U.S. mail upon the parties listed below. Parties may also access this filing through the Court's CM/ECF system.

John W. Rodgers
Jason N. King
KIOUS RODGERS BARGER
HOLDER & KING, PLLC
503 North Maple Street
Murfreesboro, TN 37130

*Counsel for Plaintiff*

*s/John R. Wingo*
John R. Wingo